FILED
2012 Aug-02  PM 01:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| WILLIE C. JUDDINE, JR, | ] | |
| | ] | |
| Plaintiff. | ] | |
| | ] | |
| vs. | ] | 4:11-CV-02035-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner of Social Security, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction

Plaintiff, Willie C. Juddine Jr., appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for period of disability and Disability Insurance Benefits ("DIB"). Mr. Juddine timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Juddine was forty years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has greater than a high school education. (Tr. at 138.) His past work experiences include employment as a family services

manager, residential advisor, motor vehicle assembler, and furniture packer. (Tr. at 25-26, 48, 151-55.) Mr. Juddine claims that he became disabled on February 1, 2006, due to neck problems causing pain and numbness. (Tr. at 133.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i), if he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments fall

within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.   20 C.F.R. § 404.1520(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Juddine meets the nondisability requirements for a period of disability and DIB, and he was insured through the date of his decision. (Tr. at 22.) He further determined that Mr. Juddine has not engaged in substantial gainful activity since the alleged onset of his disability. *(Id.)* According to the ALJ, Plaintiff had the severe impairments of

degenerative disc disease of the cervical spine fusion, hypertension, and mild left ulnar neuropathy. *(Id.)* However, he found that these impairments or combination of impairments neither met nor medically equaled one of the list of impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. at 23.) The ALJ determined that the plaintiff has the following residual functional capacity: "to perform light work except that he could frequently push and pull with upper extremities, occasionally perform postural changes, and occasionally reach with the bilateral upper." *(Id.)* The ALJ stated Mr. Juddine should avoid concentrated exposure to extreme heat and cold vibration, should avoid all exposure to workplace hazards, and should have the opportunity to alternate between sitting and standing in one-hour intervals. *(Id.)*

According to the ALJ, Mr. Juddine is able to perform past relevant work as a family services manager and residential advisor, as those terms are defined by the regulations. (Tr. at 25.) The ALJ concluded his findings by stating that Plaintiff was not disabled from February 1, 2006, though the date of his decision. (Tr. at 26.)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there

is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).   The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.   *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"   *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).   Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400.   No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th

Cir. 1987).   Moreover, failure to apply the correct legal standards is grounds for

reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Mr. Juddine alleges that the ALJ's decision should be reversed and

remanded for two reasons.  First, he believes that the ALJ erred in failing to find a

period of disability of at least twelve months. (Doc. 9 at 4.)  Second, the plaintiff

contends that the ALJ's residual functional capacity findings are not based on

substantial evidence.  (*Id.*)

A. Period of Disability

Plaintiff contends that the ALJ improperly determined that the evidence did

not establish a twelve-month period of disability.  (Doc. 9 at 4.)  Plaintiff argues that

the medical evidence of record reasonably supports a finding that a threshold period

of disability in excess of twelve months was established. (*Id.*) The regulations define

disability as "an inability to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected

to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  *See also Barnhart v.

Walton,* 535 U.S. 212, 217 (2002) (A claimant's impairments and inability to work

must last for a continuous period of at least twelve months).  Also, the claimant bears the burden of providing evidence that he was disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(1)(A).  *See also Moore v. Barhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

The ALJ properly considered all of the evidence of record when he found that Mr. Juddine was not under a disability from the alleged onset date through the date of the decision. (Tr. at 26.) Plaintiff sustained a work-related injury to the back of his head on February 1, 2006, which resulted in the bulging of three discs in his neck. (Tr. at 143.) He received physical therapy for this injury, and continued to work for two months with the restrictions of five-pound lifting, pushing, and pulling, and no reaching above the shoulder. (Tr. at 24, 360-71.)

 In August of 2006, Dr. Thomas Francavilla performed a diskectomy and fusion with instrument at C3-4 on the plaintiff to address a herniated disc at that level. (Tr. at 24, 355-56.) At the end of his physical therapy in November 2006, after the surgery, Plaintiff's range of motion of his cervical spine were essentially normal, however there was some limitation in extension and rotation. (Tr. at 24, 353.) The Plaintiff reported that his cervical spine pain was better. (Tr. at 353.)

The ALJ noted that no treatment records were submitted by the plaintiff's surgeon, Dr. Francavilla, aside from those documenting the surgery itself. (Tr. at 24.)

On February 2, 2007, the plaintiff received a functional capacity evaluation ("FCE") from his neurosurgeon, Dr. Cezayirli. (Tr. at 346-47.) The report of that evaluation stated that Plaintiff's major muscle groups strength was 5/5, and that he demonstrated no evidence of sensory loss or neurological deficit. (Tr. at 24, 346-47.) Plaintiff also displayed normal grasp, fingering, and feeling with both hands during fine repetitive fine motor task performances. (Tr. at 24, 352.) Dr. Cezayirli then deemed the plaintiff capable of performing light exertional activity. (Tr. at 24.) This FCE report was accepted and endorsed by Dr. Francavilla. (Tr. at 24.)

The plaintiff returned to work during this time period and did show improvement after his 2006 surgery. Therefore, the evidence of record for the 12-month period following Plaintiff's work-related injury simply does not show that he had a period of disability from February 2006 to February 2007.

The plaintiff asserts he did not improve after his 2006 surgery sufficiently in order to work as originally anticipated in the FCE, and that his medical records from June and September 2007 support a finding that he was disabled in excess of twelve months. (Doc. 8 at 6.) A June 2007 MRI shows development of a herniated

disc at C6-7. (Tr. at 373.) In September of 2007, the plaintiff was evaluated by Dr. Cezayirli, and diagnosed with left ulnar neuropathy and carpal tunnel syndrome bilaterally. (Tr. at 24.) Dr. Cezayirli stated that the plaintiff had only mild left ulnar neuropathy and merely cautioned him regarding how he should rest his arm on an armrest without prescribing any specific treatment.  (Tr. at 24, 395.)  Further, Dr. Cezayirli stated the plaintiff's neck was healing well and expected to further improve over the next six months. (Tr. at 395.)  Dr. Cezayirli recommended pain management if Plaintiff continued to have pain, and noted that cervical epidural steroid blocks might be beneficial. (Tr. at 24, 395.) Dr. Cezayirli indicated that the plaintiff would likely continue to experience improvement in his symptoms over the next six to twelve months.  (Tr. at 24.)

The plaintiff received pain management treatment from Dr. Thomas Kraus from December 2007 through August 2008.  (Tr. at 24, 397, 399, 401, 402.)  Dr. Kraus indicated that Plaintiff was limited to light work following surgery, but his employer offered no light work; therefore he was seeking continuation of chronic pain management.  (Tr. at 24, 402.)  In December of 2007, Dr. Kraus noted the plaintiff had good strength and reflexes, although he had axial compression with paraspinal muscle spasms and non-dermatomal pain to the bilateral upper

extremities.  (Id.)  Then, in January 2008, Dr. Kraus noted Plaintiff was doing well with no significant side effects from medication and no "problems."  (Tr. at 24, 401.)  Finally, during the plaintiff's last visit to Dr. Kraus in August 2008, Plaintiff stated that he was doing well overall with pain at a level of 3 to 4 out of 10 with no side effects from the pain medication. (Tr. at 25, 397.)

The ALJ noted that the plaintiff's current part time work requires postural changes and exertion in excess of the RFC, but that his daily activities support a capacity for sustained light exertional activity. (Tr. at 25.)  The plaintiff testified that he washes cars and operates a hand-held vacuum for work several days a week. (Id.) The ALJ found the plaintiff's claimed limitations beyond the RFC were not credible. (Id.) Therefore, the ALJ's findings and his conclusion that the Plaintiff was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision is supported by substantial evidence.

B.  Plaintiff's RFC

Plaintiff argues that the ALJ's RFC findings are not based on substantial evidence because the only definitive statement about Plaintiff's RFC was by a non-medical single decision maker (Doc. 8 at 7.) Specifically, Plaintiff argues that

the ALJ did not have in the record any RFC opinions from treating, examining, or reviewing physicians. (*Id.*)

The assessment of a claimant's RFC is "based on all relevant evidence in the claimant's case record," and is not simply a doctor's opinion. 20 C.F.R. § 404.1545(a)(1). The RFC is not a medical assessment, and the responsibility for deciding issues such as a claimant's RFC rests with the ALJ. 20 C.F.R. § 404.1527(e), 404.1546(c); SSR 96-5p.  Requiring an ALJ's RFC finding to be based on a doctors opinion "would, in effect, confer upon the [doctor] the authority to make the determination or decision about whether an individual is under a disability, and this would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Langley v. Astue*, 777 F. Supp.2d at 1258, 1261. His decision must be based not only upon the medical evidence, but also upon all the evidence in the record. SSR 96-8p. Further, while medical opinions are to be weighed by the ALJ, an RFC finding will not be invalidated due to the absence or discrediting of a medical opinion.  *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Plaintiff argues that the ALJ "is required to review and accord weight to medical opinion[s]," and that a "[medical source opinion] of some kind is crucial to

the analysis of functioning based on the medically determinable impairments." (Tr. at 7.) However, there is no requirement for an RFC by a medical examiner to be in the record in order for the ALJ to determine an RFC finding, because that decision belongs to the ALJ. 20 C.F.R. § 404.1527(e). The plaintiff failed to show that a doctor's opinion regarding his functional limitations was necessary in order for the ALJ to make an informed decision, and failed to show that the ALJ was hampered regarding the development of the record. The ALJ did not need a doctor's opinion regarding Plaintiff's limitation before assessing the RFC. *Langley v. Astrue*, 777 F. Supp. 2d 1250, 1257-58 (N.D. Ala. 2011).

The record provides substantial evidence to support the ALJ's determination that the plaintiff has the RFC to perform light work.  (Tr. at 23-25, 397, 399.) The ALJ noted that the plaintiff's current part-time work requires postural changes and exertion in excess of the RFC. (Tr. at 25.) The ALJ carefully considered the evidence and the plaintiff's testimony. (Tr. at 24.) The ALJ found the plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found the claimant's statements concerning intensity, persistence, and limiting effects of these symptoms were not credible, and were inconsistent with the RFC assessment. (*Id.*)

Further, the ALJ stated the plaintiff is capable of performing past relevant work as a family services and residential advisor and this work does not require the performance of work related activities precluded by the claimants RFC. (Tr. at 25.)

Contrary to the plaintiff's contention that the RFC finding was unsupported, the ALJ reviewed the records provided by Dr. Cezayirli, Dr. Frankavilla, and Dr. Kraus, along with the physical RFC performed by Jennifer Redding, in making his determination. The ALJ took into consideration that the treating, examining, and reviewing sources of record all agreed that the plaintiff could meet the demands of light exertional activity. (Tr. at 24.) The ALJ also assigned nonexertional limitations consistent with the record and at least as restrictive as those assigned by the state agency reviewing physician. (*Id.*)

IV.     Conclusion

Upon review of the administrative record, and considering all of Mr. Juddine's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 2nd day of August 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458